This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

**v.**                                                              **No. 32,001**

**JULIAN CARO,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Ralph E. Trujillo, Assistant Attorney General
Albuquerque, NM

for Appellant

Jacqueline L. Cooper, Chief Public Defender
Santa Fe,  NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Judge.**

The State appeals from the district court's order that excludes "[a]ll evidence obtained in reference to the traffic allegations in count 2" [RP 75], which relates to a charge of driving on the wrong side of the road. [RP 7] Our notice proposed to affirm and the State filed a memorandum in opposition. We remain unpersuaded by the State's arguments, and therefore affirm.

The State continues to argue that the district court erred in excluding evidence that Defendant drove on the wrong side of the road. As we stated in our notice, the district court's ruling was premised on an evidentiary basis for excluding the evidence, and for this reason we review the district court's exclusion of evidence pursuant to an abuse of discretion standard. *See State v. Armendariz*, 2006-NMSC-036, ¶ 6, 140 N.M. 182, 141 P.3d 526, *overruled on other grounds by State v. Swick*, 2012-NMSC-018, __ N.M. __, __P.3d __. The district court excluded evidence that Defendant drove on the wrong side of the road because no signs were posted to show that the one-way road became a two-way road at the intersection. [RP 75; DS 3] We cannot conclude that the district court abused its discretion in its ruling, as the probative value of the evidence as it relates to the DWI charge against Defendant was called into question by the lack of signage. *See generally* Rule 11-403 NMRA (stating that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury). In light

of the lack of signage to show that the one-way road became a two-way road, the district court could have reasonably concluded that the jury would attribute, without adequate and unbiased consideration, the cause of Defendant's driving on the wrong side of the road to be due to impairment rather than to the lack of signage.

We acknowledge the State's view that the State has no duty to post two-way road signs in general, and its suggestion that Defendant's long-time status as a resident of Mesilla and imputed knowledge of the road's status nonetheless minimized any duty. [MIO 5] While the State's argument in isolation may have force, it does not address the particular circumstance at issue in this DWI prosecution—the lack of signage when the one-way road became a two-way road at the intersection. Under these circumstances, we can not conclude that the district court abused its discretion in excluding the evidence. Moreover, although the State nonetheless maintains that the fact that Defendant was driving on the wrong side of the road was relevant to whether he was driving while intoxicated [MIO 4], there is no indication that this particular argument was raised below. *See generally* Rule 12-216(A) NMRA (preservation requirements). Nonetheless, given the unusual circumstances and lack of signage marking the change from one-way to two-way traffic, we conclude that the district court correctly assessed that the probative value of such evidence would be outweighed by the prejudicial impact of such evidence in the context of a DWI trial.

*See generally State v. Rosales*, 2004-NMSC-022, ¶ 12, 136 N.M. 25, 94 P.3d 768 (recognizing that the district court is vested with great discretion in applying Rule 11-403 and will not be reversed absent an abuse of such discretion).

For reasons provided herein and in our notice, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**RODERICK T. KENNEDY, Judge**